[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE
The plaintiff has brought this action for personal injuries and losses she allegedly sustained in an automobile accident with the defendant. She is seeking not only monetary damages, but double and treble damages pursuant to Sec. 14-295, General Statutes. CT Page 5718
The defendant has filed a motion to strike the claim for double and treble damages under Sec. 14-295, General Statutes for the reason that the plaintiff has alleged facts in her complaint which are insufficient to support such a claim.
The plaintiff, Lydia Torres, filed a complaint on January 11, 1999, alleging in a single count that the defendant, Jeanette Jacovino, caused her automobile to collide, with the plaintiff's, thereby causing the plaintiff to suffer serious injuries. The plaintiff further alleges that the defendant was negligent in a number of ways, including driving at an unreasonable speed, failing to grant the plaintiff the right-of-way, failing to control her vehicle, failing to apply her brakes, and driving with inadequate brakes. The plaintiff further alleges that the defendant "operated said vehicle recklessly having regard to the width, traffic and use of such highway, the intersection of streets and weather conditions, and/or in violation of Section 14-222 of the Connecticut General Statutes. . . ."
On October 25, 1999, the defendant filed a motion to strike the second paragraph of the claim for relief. That paragraph seeks "[d]ouble or treble damages pursuant to Section 14-295 of the Connecticut General Statutes." The defendant contends that the plaintiff has alleged insufficient facts in the complaint to support a claim for double or treble damages. The defendant has filed a memorandum in support of its motion. On November 12, 1999, the plaintiff filed an objection to the motion to strike.[1]
"Whenever any party wishes to contest . . . the legal sufficiency of any prayer for relief in any . . . complaint that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39. "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." RK Constructors, Inc. v.Fusco Corp., 231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotations marks omitted.) Faulkner v. United TechnologiesCorp., 240 Conn. 576, 580, 693 A.2d 293 (1997). "Practice Book . . . § 10-39, allows for a claim for relief to be stricken only if the relief sought could not be legally awarded." Pamela B. v. Ment,244 Conn. 296, 325, 709 A.2d 1089 (1998).
General Statutes § 14-295 provides: "In any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219, 14-222, 14-227a, 14-230, 14-234, CT Page 571914-237, 14-239 or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property." While the plaintiff relies on a number of the enumerated statutes in her complaint, she alleges recklessness only with regard to General Statutes § 14-222,[2] the reckless driving statute. The relevant portion of the complaint reads as follows. "The Defendant was negligent and careless in one or more of the following ways, IN THAT SHE . . . operated said vehicle recklessly having regard to the width, traffic and use of such highway, the intersection of streets and weather conditions, and/or in violation of Section 14-222 of the Connecticut General Statutes . . . As a result of the negligence and carelessness of the Defendant . . . the Plaintiff . . . suffered serious injuries. . . ."
The appellate courts have not had occasion to decide what degree of specificity is required in pleading recklessness under General Statutes § 14-295. The Superior Court judges are split on the issue. One line of cases, representing the minority view, holds that a plaintiff must plead the specific facts constituting recklessness, above and beyond the facts constituting mere negligence. See McGuire-Kelley v. Sciuto, Superior Court, judicial district of New Haven at New Haven, Docket No. 428860 (October 1, 1999, Devlin, J.); Chatterton v. Infinity InsuranceCo., Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 064615 (October 1, 1999, Arnold, J.); Nocera v. Besso, Superior Court, judicial district of Middlesex at Middletown, Docket No. 086777 (September 29, 1999, Gordon, J.); Reed v. Sesta, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 577273 (June 19, 1998, Aurigemma, J.); Adams v. Champagne, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 061154 (May 27, 1998, Corradino, J.) (22 Conn.L.Rptr. 241); Cloutier v. Meinerth, Superior Court, judicial district of Danbury, Docket No. 329940 (February 25, 1998, Moraghan, J.); Kelly v. Stone, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 344231 (January 9, 1998, Maiocco, J.)
The majority point of view, on the other hand, is that a plaintiff, in addition to pleading facts constituting negligence, need only make the general allegations mentioned in § 14-295: that the defendant has deliberately or with reckless disregard violated one of the enumerated statutes, and that the violation was a substantial factor in causing the plaintiff's injuries. See Haji-Ahmend v. Lake, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 162876 (September 30, 1999, Hickey, J.); Plimpton v. Amerada Hess Corp., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 169861 (September 27, 1999, Karazin, J.); Ditillo v. Van Geerdele, Superior Court, judicial district of Waterbury, Docket No. 149690 (August 3, 1999,Gill, J.); Mediate v. Desaavedra, Superior Court, judicial district of CT Page 5720 Fairfield at Bridgeport, Docket No. 360768 (June 22, 1999, Skolnick,J.); Nelson-Hlebogiannis v. Lee, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 167571 (May 17, 1999, Hiller, J.);Silva v. Bergen, Superior Court, judicial district of New Haven at New Haven, Docket No. 416499 (April 16, 1999, Jones, J.); Hamblett v.Chagnon, Superior Court, judicial district of New London at New London, Docket No. 114548 (March 18, 1999, Mihalakos, J.); Carta v. Cohn, Superior Court, judicial district of New Haven at Meriden, Docket No. 262531 (January 12, 1999, Dorsey, J.); Fusco v. Gillian, Superior Court, judicial district of New Britain, Docket No. 489624 (November 25, 1998,Robinson, J.); Redman v. Rosa, Superior Court, judicial district of Hartford at Hartford, Docket No. 579596 (October 29, 1998, Peck, J.);Guerrera v. Hamzi, Superior Court, judicial district of Waterbury, Docket No. 136344 (May 7, 1998, Kulawiz, J.); Godfrend v. Sabilia, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 162727 (April 29, 1998, D'Andrea, J.); Kosloski v. Janiak, Superior Court, judicial district of New Haven at New Haven, Docket No. 403724 (February 6, 1998, Zoarski, J.); Diaz v. Diaz, Superior Court, judicial district of New London at New London, Docket No. 542469 (February 3, 1998, Martin, J.).
This second line of cases is the more persuasive. This court has previously adopted this more liberal pleading standard on the basis of the unambiguous language of § 14-295. This court has stated that "[a]ccording to this view, General Statutes § 14-295 does not require the same specificity of pleading which is required to support a cause of action predicated on [common law] recklessness. . . . When the language used by the legislature is plain and unambiguous, there is no room for construction by the courts and the statute will be applied as its words direct . . . This court concurs with the holdings in the second line of cases." (Citations omitted; internal quotations omitted.)O'Loughlin v. Horvath, Superior Court, judicial district of Waterbury, Docket No. 131502 (June 27, 1997, Doherty, J.)
The instant case differs from most of the cases cited above, however, in that the language of the complaint does not follow the specific wording of General Statutes § 14-295. The plaintiff's complaint does not use the phrases "reckless disregard" or "substantial factor in causing such injury." The complaint does, however, clearly contain language alleging recklessness and causation.
So long as these elements are clearly alleged., there is no reason why a plaintiff should be required to quote the language of the statute verbatim. While the plaintiff has alleged that the defendant has "recklessly" violated § 14-222 rather than alleging "reckless disregard," these are in fact the same standard. As the Supreme Court CT Page 5721 has noted, "[recklessness . . . is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action." (Citations omitted; internal quotation marks omitted.)Dubay v. Irish, 207 Conn. 518, 532, 542 A.2d 711 (1988). Furthermore, the "substantial factor" causation standard of § 14-295 is the same as the normal proximate cause standard in a negligence action. The Supreme Court has held that "the test of proximate cause is whether the defendant's conduct is a substantial factor in bringing about the plaintiff's injuries." (Internal quotation marks omitted.) Paige v.Saint Andrew's Roman Catholic Church Corp., 250 Conn. 14, 26, 734 A.2d 85
(1999). Given that the standards contained in the language of Sec. 14-295
are the same as ordinary recklessness and proximate cause, the plaintiff's complaint, because it includes allegations of recklessness and causation, is sufficient to support a claim for double or treble damages under § 14-295.
This conclusion is consistent with other opinions of the Superior Court. See Mediate v. Desaavedra, supra, Docket No. 360768 ("Because the plaintiff alleges that the defendant committed those aforementioned violations recklessly and that the violations caused injury to the plaintiff, the plaintiff states a sufficient cause of action for double or treble damages pursuant to General Statutes § 14-295."); Plimptonv. Amerada Hess Corp., supra, Docket No. 169861 ("Here, the plaintiff has pled both a violation of statutes enumerated in General Statutes § 14-295 and causation. Accordingly, the defendant's motion to strike . . . is denied.")
Because a literal reading of General Statutes § 14-295 requires only that a plaintiff plead recklessness and causation in order for the complaint to support a claim for double and triple damages, the defendant's motion to strike should be and is hereby denied.
 By the Court, Joseph W. Doherty, Judge